# United States District Court
## FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| United States of America, | * |
| | * |
| Plaintiff, | * |
| | *   No. CR 96-12 |
| v. | * |
| | *   ORDER |
| Heath Ayers, | * |
| | * |
| Defendant-Petitioner. | * |

The matter before the court is the defendant's petition to vacate, set aside or correct sentence under 28 U.S.C. § 2255 (Doc. No. 658). The defendant pled guilty to charges of conspiring to distribute crack cocaine (cocaine base). After a three-day sentencing hearing at which the court heard testimony from numerous witnesses, the court made a quantity finding and attributed at least 500 grams but less than 1.5 kilograms of crack cocaine to the defendant. On direct appeal, the defendant challenged the district court's quantity finding. The Eighth Circuit affirmed under the clear error standard, noting codefendants' testimony, testimony from agents involved with controlled buys, and admissions from the defendant himself. See United States v. Ayers, 138 F.3d 360, 362-3 (8th Cir. 1998). This testimony concerned transactions in which the witnesses identified the substance as crack cocaine.

The defendant then filed a first petition under § 2255, which this court denied. (Doc. No. 637). In the present petition, the defendant again challenges the district court's drug quantity findings. This time the defendant does not specifically challenge the numerical finding, but rather, challenges the finding that the substance at issue was crack cocaine or cocaine base rather than powdered cocaine. In light of the testimony presented at the sentencing hearing, this challenge is frivolous. Further,

although the present argument is slightly altered from the insufficient evidence argument the defendant presented on direct appeal, it is sufficiently similar to be precluded under the rule of English v. United States, 998 F.2d 609, 612 (8th Cir. 1993) ("[A defendant] cannot use a section 225 petition to collaterally attack the sufficiency of the evidence in his case, an issue resolved on direct appeal."). Finally, the petition is dismissed as untimely and as a non-certified second or successive petition.

It is ordered that:

The defendant's petition for relief under 28 U.S.C. § 2255 is denied.

A certificate of appealability is denied.

Done and ordered this 16th day of Dec., 2005.

Michael J. Melloy
UNITED STATES CIRCUIT JUDGE
Sitting by Designation