# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> HEATH AYERS, <br><br> Defendant. | No. CR96-0012-LRR <br><br> ORDER |

This matter comes before the court on the defendant's motion pursuant to rule 60(b)(6) of the federal rules of civil procedure (Docket No. 720). The defendant filed such motion on December 14, 2006. The government did not file a resistance.

In his motion pursuant to rule 60(b)(6) of the federal rules of civil procedure, the defendant challenges his conviction and sentence on multiple grounds. All of the grounds appear to be frivolous. Moreover, the challenges asserted are the type of challenges properly submitted as a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. *See United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000) (stating that a "challenge to a federal conviction [. . .] is most appropriately brought as a motion under 28 U.S.C. § 2255"). On the other hand, a motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure is meant to address "some defect in the integrity of the federal habeas proceeding." *Gonzalez v. Crosby*, 545 U.S. 524, ___, 125 S. Ct. 2641, 2648, 162 L. Ed. 2d 480, 493 (2005).

Given the claims raised and the relief sought in the motion pursuant to rule 60(b)(6) of the federal rules of civil procedure, it appears that the defendant is seeking relief under Rule 60(b) of the Federal Rules of Civil Procedure in order to avoid the requirement in 28

U.S.C. § 2244(b)(3)(A) that he obtain authorization from the Eighth Circuit Court of Appeals to file a second or successive 28 U.S.C. § 2255 motion.[1] It is well settled that inmates may not circumvent the procedural requirement associated with bringing a second or successive 28 U.S.C. § 2255 motion by relabeling the motion. *United States v. Patton*, 309, F.3d 1093, 1094 (8th Cir. 2002) (affirming decision which denied defendant's petition under Rule 12(b)(2) of the Federal Rules of Criminal Procedure because the Eighth Circuit Court of Appeals has "consistently held that inmates may not bypass the limitation on successive habeas petitions" by attempting to invoke some other procedure) (citing *United States v. Noske*, 235 F.3d 405, 406 (8th Cir. 2000) (writ of coram nobis); *Lurie*, 207 F.3d at 1077 (28 U.S.C. § 2241 motion); *Williams v. Hopkins*, 130 F.3d 333, 336 (8th Cir. 1997) (42 U.S.C. § 1983 claim); *Ruiz v. Norris*, 104 F.3d 163, 164 (8th Cir. 1997) (motion to recall mandate); *Mathenia v. Delo*, 99 F.3d 1476, 1480 (8th Cir. 1996) (Fed. R. Civ. P. 60(b)(6) motion)); *see also United States v. Lambros*, 404 F.3d 1034, 1036 (8th Cir. 2005) (Fed. R. Civ. P. 59(e)) (citing *Patton*, 309 F.3d at 1093); *United States v. Matlock*, 107 Fed. Appx. 697, 698 (8th Cir. 2004) (Fed. R. Civ. P. 60(b) motion) (citing *Patton*, 309 F.3d at 1093). "[B]oth the law and common sense suggest federal prisoners cannot skirt designated procedural pathways by renumbering their filings." *United States ex rel. Perez v. Warden*, 286 F.3d 1059, 1061 (8th Cir. 2002) (referring to prisoners' attempts to file 28 U.S.C. § 2241 motion in lieu of a proper 28 U.S.C. § 2255 motion). Thus, the defendant is unable to rely on Rule 60(b) of the Federal Rules of Civil Procedure; the defendant should have relied upon 28 U.S.C. § 2255 to invoke the jurisdiction of the court.

---

[1] 28 U.S.C. § 2244(b)(3)(A) provides:
> Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

When construed as a challenge pursuant to 28 U.S.C. § 2255, the defendant's challenge constitutes a second or successive 28 U.S.C. § 2255 motion because he previously sought relief under such statute. *Cf. Tyler v. Purkett*, 413 F.3d 696, 700-01 (8th Cir. 2005) (concluding district court properly construed motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure as a second or successive petition because it ultimately sought to resurrect the denial of his earlier habeas petitions by asserting new claims of error in his state conviction and reasserting prior claims) (citing *Gonzalez*, 545 U.S. at ___, and *Lambros*, 404 F.3d at 1034); *Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002) (directing district court "to file and then dismiss [. . .] motion under Rule 60(b)(6) of the Federal Rules of Civil Procedure because it is, on its face, a second or successive 28 U.S.C. § 2255 [motion]"). Consequently, the defendant, before filing his motion pursuant to rule 60(b)(6) of the federal rules of civil procedure, needed to move the Eighth Circuit Court of Appeals for authorization allowing the court to file and consider such motion. *See* 28 U.S.C. § 2244(b)(3)(A). Because the defendant did not obtain authorization according to 28 U.S.C. § 2244(b)(3)(A), it is appropriate to dismiss his motion pursuant to rule 60(b)(6) of the federal rules of civil procedure. *Boyd*, 304 F.3d at 814 (instructing courts to dismiss motion which is second or successive 28 U.S.C. § 2255 motion for failure to obtain authorization from court of appeals, or in its discretion, transfer motion to court of appeals).

In sum, the defendant's motion pursuant to rule 60(b)(6) of the federal rules of civil procedure is, on its face, a second 28 U.S.C. § 2255 motion and the defendant did not move the Eighth Circuit Court of Appeals for authorization allowing the court to file and consider such motion. Accordingly, the defendant's motion pursuant to rule 60(b)(6) of the federal rules of civil procedure shall be dismissed.

To the extent that the defendant desires a certificate of appealability, the court does not believe that it is appropriate to issue a certificate of appealability. *See* 28 U.S.C. § 2253. Accordingly, a certificate of appealability shall be denied.

**IT IS THEREFORE ORDERED**:

(1) The defendant's motion pursuant to rule 60(b)(6) of the federal rules of civil procedure (Docket No.720) is DISMISSED for failure to comply with 28 U.S.C. § 2244(b)(3)(A).

(2) A certificate of appealability is denied.

**DATED** this 8th day of January, 2007.

*[signature]*
LINDA R. READE
CHIEF JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA